**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| USAA FEDERAL SAVINGS BANK, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-3607 |
| | : | |
| ALEX BELFI, | : | |
| *Defendant*. | : | |

<u>MEMORANDUM</u>

**JONES, II  J.**                                                                 **September 28, 2020**

### I.   INTRODUCTION

 This matter comes before the Court upon its removal from the Philadelphia Court of Common Pleas ("Court of Common Pleas") by Defendant/Counter-Claimant Alex Belfi ("Defendant").  The underlying dispute arises out of an *in rem* mortgage foreclosure action that Plaintiff/Counter-Defendant USAA Federal Savings Bank ("Plaintiff") initiated against Defendant in the Court of Common Pleas on January 10, 2019.  Presently before the Court is Defendant's Notice of Removal (ECF No. 2), Plaintiff's Motion to Remand (ECF No. 7), and Defendant's Brief in Opposition to Plaintiff's Motion to Remand (ECF No. 13). Having reviewed the motions, the relevant documents, and all related filings, the Court hereby grants Plaintiff's Motion and remands the case to the Philadelphia Court of Common Pleas.

### II.   FACTUAL BACKGROUND

 The facts of this case relate to a state-court foreclosure action brought by Plaintiff against Defendant in the Court of Common Pleas.  On or about June 16, 2016, Defendant obtained a loan, which was memorialized by a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Plaintiff, and a Note in the sum of $400,000 payable to Plaintiff.[1] (Mot.

---

[1] Defendant executed a Note as evidence of the debt secured by the Mortgage. (Notice of Removal 31, ECF No. 2).

Remand ¶ 2).  The Mortgage was assigned to Plaintiff as evidenced by written assignment recorded in the Philadelphia County Recorder of Deeds, on November 15, 2018 at Instrument No. 53442756.  (Mot. Remand ¶ 10).  Plaintiff is the current assignee and holder of the Mortgage and Note signed by Defendant.  (Mot. Remand ¶ 10).

The Note was secured by a property located at 1502 East Moyamensing Avenue, Philadelphia, Pennsylvania 19147. (Mot. Remand ¶ 2). The terms of the Note required payments, with interest,[2] in monthly installments in the amount of $1,768.38.  (Mot. Remand ¶ 3).  Those payments were to begin on August 1, 2016 and continue through July 1, 2046.  (Mot. Remand ¶ 3).  Pursuant to the Note, upon failure to make payments as described therein, all of the sums due were immediately due and collectible upon demand. (Mot. Remand ¶ 6).

On July 1, 2018, Defendant defaulted on the Mortgage.  (Mot. Remand ¶ 7).  Defendant continued to default on the Mortgage each month thereafter.  (Mot. Remand ¶ 7).  As such, interest has accrued on this debt.[3]  (Mot. Remand ¶ 7).  On or about August 31, 2018, Plaintiff served Defendant with a Notice of Intention to Foreclose Mortgage, required prior to foreclosure pursuant to 41 P.S. § 403, commonly known as Act 6.  (Mot. Remand ¶ 11).

## III.    PROCEDURAL HISTORY

### A.    Pennsylvania State Court Proceedings

On January 10, 2019, Plaintiff initiated foreclosure proceedings against Defendant in the Court of Common Pleas of Philadelphia County.[4] (Mot. Remand ¶ 13). Defendant responded by

---

[2] Pursuant to the Note, interest continues to accrue monthly until the full amount of principal has been paid. (Mot. Remand ¶ 5).

[3] The total amount due is $389,518.26. (*See* Notice of Removal, Ex. 1 at ¶ 7-8) (original state court complaint) [hereinafter Original Complaint].

[4] Plaintiff instituted this action against Defendant in the matter of *USAA Federal Savings Bank v. Alex Belfi*, Court of Common Pleas of Philadelphia County, January Term, 2019, No. 00496.  *See generally* Original Compl., *USAA Federal Savings Bank v. Alex Belfi*, No. 00496 (Pa. Ct. Com. Pl. Phila. Cnty. Jan. 10, 2019) (complaint in initial lawsuit). Presently, Plaintiff seeks the amount specified in the previous footnote, as

filing a Memorandum and Counterclaim in Opposition to Plaintiff's Complaint, which related to the service of the Complaint under the Pennsylvania Rules of Civil Procedure, and which alleged forgery on a document. (Mot. Remand ¶ 13). On July 18, 2019, Plaintiff filed preliminary objections to Defendant's Counterclaim. (*See* Mot. Remand ¶ 14; *see also* Notice of Removal 15 (copy of Plaintiff's preliminary objections)). The court overruled Plaintiff's preliminary objections, and Defendant was required to file an Answer to Plaintiff's Complaint. (Mot. Remand ¶ 15). Defendant submitted an Answer on October 1, 2019. (Mot. Remand ¶ 15). On or about October 14, 2019, Plaintiff filed an Answer to Defendant's Counterclaim. (Mot. Remand ¶ 16).

### B.    Removal to Federal Court

Unbeknownst to Plaintiff, on August 8, 2019, Defendant removed the Pennsylvania state court case to the United States District Court for the Eastern District of Pennsylvania, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Notice of Removal, ECF No. 2; *see also* Mot. Remand ¶ 17). Plaintiff responded to Defendant's Notice of Removal with a Motion to Remand (ECF No. 7), filed on October 31, 2019. Subsequently, Defendant submitted a Brief in Opposition of Plaintiff's Motion to Remand (ECF No. 13) on December 6, 2019. Defendant then filed his own Counterclaim against Plaintiff on February 3, 2020. (*See* Defendant's Counterclaim in Response, ECF No. 15). Plaintiff opposed Defendant's Counterclaim with a Motion to Dismiss on March 12, 2020 (ECF No. 19), to which Defendant filed a Response in Opposition on April 3, 2020 (ECF No. 20).

Pending before the Court is Defendant's Notice of Removal (ECF No. 2) and Plaintiff's Motion to Remand (ECF No. 7). In the Motion to Remand, Plaintiff argues that the case was

---

well as "reasonably incurred attorney's fees and costs [and] proof of title in conformity with the Mortgage documents and Pennsylvania law." (Original Compl. ¶ 10).

improperly removed to federal court and as such, the Court lacks subject-matter jurisdiction over this matter. (Mot. Remand ¶ 17). For the reasons set forth below, Plaintiff's Motion is granted.

## IV.    STANDARD OF REVIEW

The United States District Courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). This Court can assert original jurisdiction over cases based either on diversity of citizenship, 28 U.S.C. § 1332(a), or federal question jurisdiction, 28 U.S.C. § 1331. Section 1441(a) of Title 28 provides that civil actions filed in a state court in which a federal district court would have original jurisdiction are removable by the defendant. *See* 28 U.S.C. §1441(a). Accordingly, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

The procedure after removal of a state court action to federal court is governed by 28 U.S.C. § 1447. When assessing a plaintiff's motion to remand, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co*., 770 F.2d 26, 29 (3d Cir. 1985). It is settled law in the Third Circuit that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)); *see also McCann v. George W. Newman Irrevoc. Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (reiterating that "[t]he party asserting diversity jurisdiction bears the burden of proof."). In cases in which subject-matter jurisdiction is lacking, the district court must remand the case to state court. 28 U.S.C. §1447(c).

## V.     DISCUSSION

Defendant removed the instant mortgage foreclosure action from Pennsylvania state court, contending that this federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Plaintiff contests removal of this case and moves to remand under 28 U.S.C. § 1447(c), asserting that the Court lacks subject-matter jurisdiction over a dispute devoid of diversity of citizenship and in which the issues involve purely state law claims.  Thus, the Court must determine whether removal of Plaintiff's underlying state court lawsuit was proper and whether this matter should be remanded to state court.

### A.     Removal is improper because Defendant is a forum-state defendant under 28 U.S.C. §1441(b)(2).

The Court has considered the facts of this case and is of the opinion that diversity jurisdiction cannot be established. As Defendant removed this case to federal court, Defendant bears the burden of establishing jurisdiction.  *Samuel-Bassett*, 357 F.3d at 396.  In the Notice of Removal, Defendant alleges that the Court may assert diversity jurisdiction over this matter because Plaintiff is diverse from Defendant and the amount in controversy exceeds $75,000.  (*See* Notice of Removal 10; *see also* 28 U.S.C. § 1332(a)).  Plaintiff does not dispute the amount in controversy or that the parties are diverse from one another.  (Mot. Remand ¶¶ 16-18).  Instead, Plaintiff argues that the Forum Defendant Rule prohibits Defendant from removing based on diversity of citizenship.  (Mot. Remand ¶ 17).

Pursuant to the Forum Defendant Rule, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Here, Defendant's Notice of Removal specifically asserts that Defendant is a resident and citizen of Pennsylvania. (Notice of Removal 7). Plaintiff is a corporation doing

business in Pennsylvania.  (Pl.'s Mem. Supp. Mot. Remand 4, ECF No. 7-2).  As such, it follows that Defendant is a forum-state defendant and therefore, the action is not removable.[5]

Furthermore, removal here cannot be based on federal question jurisdiction because the matter does not raise any federal law questions.  Plaintiff's case is based solely on state law claims governing mortgage foreclosure filed pursuant to Pa. R. C. P. 1147.  A cause of action to foreclose a mortgage does not arise under federal law.  *See Hudson City Sav. Bank, FSB v. Barrow*, No. 16-CV-4190 (KM), 2016 WL 7377102, at *2 (D.N.J. Dec. 19, 2016).  Here, the Court finds that Defendant has failed to establish federal question jurisdiction and that removal based on diversity jurisdiction violates the Forum Defendant Rule.  As such, Plaintiff's case is remanded on the grounds that the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1447(c) and that Defendant is a forum-state defendant under 28 U.S.C. § 1441(b)(2).  For these reasons, the Court finds that there is no basis for removal.

## VI.    CONCLUSION

As noted herein, the Third Circuit has cautioned that removal statutes are to be strictly construed against removal, and that all doubts should be resolved in favor of remand. With this directive in mind, Plaintiff's Motion to Remand shall be granted and the matter shall be remanded to the Philadelphia Court of Common Pleas.

An appropriate Order follows.

BY THE COURT:


*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.

---

[5] Defendant does not attempt to argue in his Brief in Opposition to Plaintiff's Motion to Remand that the Forum Defendant Rule does not apply here to prohibit removal based on diversity jurisdiction. (*See generally* Def.'s Br. Opp'n Pl.'s Mot. Remand, ECF No. 13).